UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES VERDUZCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1148 |
| | ) | |
| DANIEL MARTIN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Jacksonville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was detained at Livingston County Jail. He alleges that on or about April 29, 2023, jail officials transferred him to St. Francis Medical Center where medical staff found that he had multiple biliary stents in his stomach and an upper gastrointestinal bleed.

Plaintiff alleges that he required surgery to stop the bleeding and a feeding tube. Plaintiff alleges generally that the hospital doctors committed medical negligence.

42 U.S.C. § 1983 permits a plaintiff to recover damages and other relief from state actors who violate the plaintiff's constitutional rights. Plaintiff had a constitutional right to adequate medical care during his detention at Livingston County Jail arising under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019).

The objective reasonableness inquiry "requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 888 (7th Cir. 2018). Liability attaches only where the official "acted purposefully, knowingly, or perhaps even recklessly" when taking the actions at issue—negligence, or even gross negligence, will not suffice. *Miranda*, 900 F.3d at 352-53.

Plaintiff's allegations that the named defendants acted negligently is not sufficient to state a constitutional claim, and, to the extent that he seeks to proceed solely on a medical malpractice claim, state court is the appropriate venue. Plaintiff may be able to sufficiently allege that Defendants violated his Fourteenth Amendment rights, but his allegations are too sparse for the

Court to make this finding at this time. The Court finds that fails state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 18th day of August, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
